VROBERT MANN, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA  90010
(213) 252-9444; (213) 252-0091 facsimile
manncook@earthlink.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN GANT, REGINALD LENARD SMITH, JOSE ALEXANDER VENTURA, individually and as class representatives<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, ETC., ET AL.,<br><br>Defendants. | Case No. CV08-5756 GAF (PJWx)<br><br>**PLAINTIFFS' OPPOSITION TO LOS ANGELES COUNTY DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date: 10/5/09<br>Time: 9:30 a.m.<br>Ctrm: 740 (Roybal) |

00048947.WPD

# I.   PLAINTIFFS ALLEGE FOURTEENTH AMENDMENT VIOLATIONS AGAINST THE LA COUNTY DEFENDANTS.

## A.   The Court's 7/22/09 Order Determined That Plaintiffs State Fourteenth Amendment Claims.

In its 7/22/09 Order, the Court denied the LA County defendants' motion to dismiss the Fourteenth Amendment claims, ruling that "at this stage of the litigation [*i.e.,* pleadings],Gant and Ventura may proceed against the Los Angeles Defendants, and Smith may proceed against the LASD and County of Los Angeles, for violations of the Fourteenth Amendment." 7/22/09 Order 15:16-21.

Though acknowledging that the Court earlier rejected their argument that Plaintiffs do not state Fourteenth Amendment claims, LA County Motion 12:18-19, defendants contend the Court was mistaken. Defendants cite to the alleged absence of a specific allegation in the TAC alleging that Plaintiffs complained repeatedly they were not the warrants' subjects. LA County Motion 12:23-24.[1]

Assuming, *arguendo*, that an arrestee must protest he is not a warrant's intended subject before he can prevail on a due process claim, the TAC complaint is sufficient for pleading purposes. 7/22/09 Order 19:1-3 & fn. 5; *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (given standard of review on Rule 12(b)(6) motion, such motions are disfavored and "rarely granted"); *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993) (same).

Moreover, contrary to defendants' insinuation, LA County Motion page 10 (fn. 5), Plaintiffs do *not* admit they sat quietly in the LA County jail and kept to themselves the

---

[1] At ¶37, the TAC states that Plaintiff Mr. Gant "protest[ed] that the warrants are for his brother" to no avail. Moreover, if necessary similar allegations can be stated for the other Plaintiffs.

knowledge they had been wrongly arrested on warrants meant for others (in fact, each Plaintiff complained repeatedly). Rather, it is Plaintiffs' contention that arrestees' complaints are less significant in cases where official and reliable law enforcement documentation conclusively establish that the jailer has in custody the wrong person. In such instances, the jailer may be held liable if he fails to act on that information even in the absence of arrestee' complaints. *Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006) ("We hold that it is an entirely lawful policy [for jailer to ignore prisoners' protestations of innocence] *unless the custodian knows that the judge refuses to make an independent decision or there is doubt about which person the judge ordered held.*") (Emphasis added).

Here, the allegations are that had LA County jail officials had official and reliable documentation establishing that Plaintiffs' fingerprints did not match those of the warrants' intended subjects, which per LASD policy or practice, jail officials ignored. TAC ¶38 (Gant), ¶¶45-46 (Smith), ¶53 (Ventura). These allegations of deliberate indifference are sufficient for it is reasonable to expect jailers to at least *read* their prisoners' documentation. *Cf., Hopkins v. Bonvicino*, 573 F.3d 752, 767 (9th Cir. 2009) (duty to conduct "further investigation); *Merriman v. Walton*, 856 F.2d 1333, 1335 (9th Cir. 1988) (in making an arrest, police officer is charged with the information reasonably available even if the information was not actually considered).

**B.    The Court's Should Reconsider Its Ruling That Plaintiffs Have Not Stated Fourth Amendment Claims.**

In its 7/22/09 Order, the Court ruled that Fourth Amendment particularity is satisfied by a warrant that provides a known name for its intended subject. And since the warrants at issue here stated their respective subjects' known name (but not true as to

Plaintiff Ventura[2]) the Court concluded that Plaintiffs could not state Fourth Amendment claims against the LA City or LA County defendants. See Order, pp. 15-16.

For reasons stated in Plaintiffs' Opposition to the LA City's motion to dismiss, Plaintiffs respectfully suggests that the Court erred. Plaintiffs submit that Fourth Amendment particularity turns on information known to the police agency responsible for a warrant's issuance. *E.g., United States v. Cardwell*, 680 F.2d 75, 78 (9th Cir. 1982); Plaintiffs' Opposition to LA City Defendants' Motion to Dismiss, pp. 6-8. The police agency's knowledge is not static nor is it limited to 18th and 19th Century identification methods. For instance, at one time "John Doe" warrants could not satisfy the requirement of Fourth Amendment particularity. *Powe v. City of Chicago*, 664 F.2d 639, 646 (7th Cir. 1981) (discussing John Doe warrants). However, courts now recognize that particularity can be established in a John Doe warrant if the warrant identifies its subject by his DNA sequence. *State of Wisconsin v. Dabney*, 264 Wisc.2d 843, 663 N.W.2d 366, 372 (2003); *State v. Danley*, 138 Ohio Misc.2d 1, 5-6, 853 N.E.2d 1224 (2006); *People v. Robinson*, ___ Cal. App. ___ 4th, 67 Cal. Rptr. 3d 392, 401-02 (2007), *review granted* 72 Cal. Rptr. 3d 621 (2008).

The courts' acceptance of identification of warrants' subjects via their DNA sequence rather than name makes sense. What is reasonable depends largely on what is feasible and cost-effective. At one time, name and physical descriptions were all that society had. That is no longer true. Equally important, it would have imposed *no burden* (beyond the time to type eight characters of an alpha-numeric code into the warrant database) for the LA County personnel to have included, on the warrants' subject

_____

[2] The Ventura warrant subject's name was "Jose Ventura Gonzalez Perez" but the name on the warrant was only "Jose Ventura." TAC ¶50; LA County Request for Judicial Notice filed 8/27/09 (document 72), Ex. 4 (page 12) (copy of warrant abstract).

00048947.WPD

description, the subjects' respective CII numbers. Because CII numbers are proxies for fingerprints (TAC ¶¶18-20), CII numbers link to the one bio-metric identifier more reliable than DNA.[3] So there was (and is) simply no reason *not* to include the warrants' subjects' known CII number. Defendants' failure to do so is every bit of egregious, Plaintiffs submit, as the failure to include a subject's known aliases. *Powe v. City of Chicago*, 664 F.2d 639, 646-48 & n.11 (7th Cir. 1981); *Rogan v. City of Los Angeles*, 668 F. Supp. 1384, 1393-94 (C.D. Cal. 1987).

Put differently, defendants are not entitled to operate in the 21st Century as if they are limited to 19th Century identification methods. *Arizona v. Evans*, 514 U.S. 1, 17-18 (1995) (O'Connor, J., concurring) ("The police, of course, are entitled to enjoy the substantial advantages this [computer] technology confers. . . . With the benefits of more efficient law enforcement mechanisms comes the burden of corresponding constitutional responsibilities."); *Berg v. County of Allegheny*, 219 F.3d 261, 277 (3rd Cir. 2000).

Finally, regarding Plaintiff Mr. Ventura because, the name on the warrant was only "Jose Ventura" whereas the subject's name was actually "Jose Ventura Gonzalez Perez," the LA County defendants violated the Fourth Amendment by issuing the warrant in CWS using only "Jose Ventura." *Powe v. City of Chicago*, 664 F.2d 639, 646-48 & n.11 (7th Cir. 1981); *Rogan v. City of Los Angeles*, 668 F. Supp. 1384, 1393-94 (C.D. Cal. 1987).

## II.   PLAINTIFFS' STATE LAW FALSE ARREST CLAIMS ARE NOT BARRED BY CAL. CIV. CODE § 43.55.

In their latest motion defendants now argue that the 7/22/09 ruling on § 43.55

---

[3] Though highly unique, a person's DNA sequence is not as unique as fingerprints. Despite sharing the same DNA profile, identical twins have non-matching fingerprints. See http://www.livescience.com/mysteries/ 060909_twin_fingerprints.html.

00048947.WPD

immunity should also apply to the Cal. Civ. Code § 52.1 claims. LA County Motion, pp. 15-16. In so arguing defendants ignore both the basis of the § 52.1 claim against the LA County defendants and the basis for the Court's finding of § 43.55 immunity.

No Plaintiff claims that LA County personnel arrested him. Rather, the claim is that LA County (1) failed to adequately describe the warrants' intended subjects which proximately resulted in other law enforcement agencies arresting the Plaintiffs, and (2) once LA County jail had custody of Mr. Ventura and Mr. Smith (LA County may not have taken custody of Mr. Gant following his April 29, 2008 arrest), LA County personnel ignored dispositive official information establishing Plaintiffs were *not* the warrants' intended subjects. TAC ¶¶44-46 (Smith), ¶¶51-53 (Ventura). Thus, the constitutional violations underlying the § 52.1 claim against LA County defendants are the Fourth and Fourteenth Amendment violations (along with their parallel counterparts under the state constitution) described in Parts I and II, *supra*. This basis is different from the basis underlying the Court's § 43.55 immunity ruling. In its ruling the Court was focusing on *arresting* officers and their duties in determining if an arrestee is a warrant's subject:

> In view of the sound reasoning in <u>Lopez [v. City of Oxnard]</u>, which establishes that peace officers have no duty to conduct further investigation into the validity of the warrant that is regular on its face and are not obligated to update their records with information pertaining to prior mistaken arrests.

7/22/09 Order 25:15-18.

In amending the complaint Plaintiffs now allege that "agents of defendants LASD and LA County used coercion to hold Plaintiffs and Class members in custody under the authority of warrants that these defendants knew or should have known did not apply to

Plaintiffs and Class members." TAC ¶ 67. This is sufficient to allege coercion for a § 52.1 claim. In *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d 1084 (N.D. Cal. 2005), the court recognized that any coercion or threat, even if part and parcel of the underlying constitutional violation, satisfies § 52.1. Mr. Cole claimed the defendants "violated § 52.1 by interfering with his right to be free from an unreasonable search or seizure under the California Constitution in at least two ways: (1) by using their power as police officers to stop Mr. Cole even though he had not committed a traffic violation and (2) by coercing Mr. Cole to consent to the search of his car, in particular, his trunk." *Cole,* 387 F. Supp. 2d at 1102 -1103. Relying on California authorities, including *Venegas v. County of Los Angeles*, 32 Cal. 4th 820 (2004), decision, the district court found "threats, intimidation, or coercion" (387 F. Supp. 2d at 1103):

> In an unpublished decision, *Whitworth v. City of Sonoma*, No. A103342, 2004 WL 2106606 (Cal.Ct.App. Sept.22, 2004), a California appellate court held that the act of a police officer physically barring (without actual use of force) the plaintiff from entering a meeting can constitute a form of "coercion" under § 52.1. The court noted that § 52.1 does not by its terms require violence or threat of violence. It further noted that the statute was modeled on the Massachusetts Civil Rights Act of 1979 which has been construed to cover " 'an implicit threat of physical ejection or arrest.' "

Therefore, the Court's earlier ruling on § 43.55 immunity is inapplicable to the § 52.1 claim, as the Court implicitly recognized when it limited the immunity ruling to the state law false arrest claims.

## III.    DEFENDANTS' ATTACK ON THE CLASS CERTIFICATION CLAIM IS BOTH PREMATURE AND WITHOUT MERIT.

LA County defendants argue that the class action claims should be dismissed

because (a) there are no underlying constitutional violations, and (b) in any event individualized determinations predominate over class issues. LA County Motion, pp. 3-5.

On the first point defendants' argument is just a rehash of their claims that no plaintiff suffered a constitutional violation. It fails for the reasons stated in the Court's 7/22/09 Order wherein the Court upheld Plaintiffs' claims of Fourteenth Amendment claims. It also fails for reasons stated in Parts I & II, *supra*.

On defendants' second point, the time to raise it is on a motion for class certification. That was the Court's ruling in its 7/22/09 Order 28:6-8 (denying without prejudice Plaintiffs' motion for class certification as premature given that the pleadings are still being challenged).

Plaintiffs respond, however, to defendants' reliance on *Reyes v. City of Glendale*, CV05-0253 CAS (MANx), cited to support its request to dismiss the class claims. The warrant in *Reyes* was issued by *Madera* County. The Plaintiff Mr. Reyes, a Glendale resident and in Los Angeles County at the time, was arrested on the warrant because of the close (but not identical) match between his identifiers and those on the warrant. Los Angeles County, a *Reyes* defendant, had no involvement in the issuance of the warrant or in the identification of the Plaintiff as the warrant's subject; Los Angeles County took custody of Mr. Reyes based on Glendale PD's representation that Mr. Reyes was wanted on the Madera County warrant. Judge Snyder denied summary judgment to the Madera County entities responsible for the warrant's issuance, and denied summary judgment to the Glendale PD, the agency that arrested Mr. Reyes. Judge Snyder granted summary judgment to LA County because that defendant (a) had no involvement in the warrant's issuance, and (b) had no involvement in arresting or identifying Mr. Reyes as the warrant's subject. See *Reyes* Order filed 7/23/09 (document 239).

That is not this case. Here, all the warrants at issue were Los Angeles County

warrants, and were inputted into CWS by the LA County defendants. Hence, defendants'

claim that Mr. Reyes "would undoubtedly qualify as a class member in this case had he

been detained during the purported class period," LA County Motion 7:25-8:1, is patently

frivolous. By definition, the proposed classes in this lawsuit are limited to persons

arrested on *Los Angeles County* warrants. TAC ¶¶26-27. Mr. Reyes was arrested on

*Madera County* warrants (a fact that defense counsel knows since he represents the

County in *Reyes*).

## IV.    CONCLUSION.

For the foregoing reasons, the LA County defendants' motion should be denied.

DATED: September 21, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiffs

By_____

Donald W. Cook

00048947.WPD