MICHAEL D. ALLEN, State Bar No. 198126
E-mail: mallen@lbaclaw.com
SCOTT E. CARON, State Bar No. 227871
E-mail: scaron@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, CA 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818)-545-1937

Attorneys for Defendants
COUNTY OF LOS ANGELES and
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN GANT, et al., | Case No. CV 08-05756 GAF (PJWx) |
| Plaintiffs, | Honorable Gary A. Feess |
| vs. | **DEFENDANTS' OBJECTIONS TO PLAINTIFF GANT'S EVIDENCE OFFERED IN OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION** |
| COUNTY OF LOS ANGELES, et al/, | |
| Defendants. | *[Reply to Opposition to Motion for Summary Judgment filed concurrently herewith]* |
| | Date: December 6, 2010<br>Time: 9:30 a.m.<br>Crtrm: 740 |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

//

//

//

1

1  Defendants hereby submit the following objections to evidence presented by
2  Plaintiff in support of his opposition to Defendants' Motion for Summary Judgment.
3
4  Dated: November 22, 2010    LAWRENCE BEACH ALLEN & CHOI, PC
5
6
7                              By /s/ Scott E. Caron
                                    Scott E. Caron
8                              Attorneys for Defendants
9                              COUNTY OF LOS ANGELES and
                               LOS ANGELES COUNTY SHERIFF'S
10                             DEPARTMENT

## I.         **DECLARATION OF DONALD W. COOK**

¶ 2:       Defendants object to this paragraph on grounds that it lacks foundation, lacks personal knowledge, violates the best evidence rule, and constitutes hearsay not falling under any exception.

¶ 2(C):     Defendants object to this paragraph on grounds that the testimony and the exhibits the testimony purports to authenticate are irrelevant. Defendants also object to this testimony as lacking personal knowledge and foundation, on grounds that it constitutes hearsay not falling under any exception, and on grounds that the testimony of counsel is not evidence. Defendants also object to this testimony, to the extent that it purports to authenticate the referenced exhibits, on grounds that the exhibits are not properly authenticated. Defendants also object to this testimony on grounds that it violates the best evidence rule.

¶ 2(D):     Defendants object to this paragraph on grounds that the testimony and the exhibit the testimony purports to authenticate are irrelevant. Defendants also object to this testimony as lacking personal knowledge and foundation, on grounds that it constitutes hearsay not falling under any exception, and on grounds that the testimony of counsel is not evidence. Defendants also object to this testimony, to the extent that it purports to authenticate the referenced exhibits, on grounds that the exhibits are not properly authenticated. Defendants also object to this testimony on grounds that it violates the best evidence rule. To the extent the paragraph is designed to show that "Torrance PD transferred [Plaintiff] to the custody of the Los Angeles Sheriff's Department," the referenced exhibits do not support that conclusion.

| | | |
|---|---|---|
| 1 | | |
| 2 | ¶ 2(E): | Defendants object to this paragraph on grounds that the testimony and the exhibit the testimony purports to authenticate are irrelevant. Defendants also object to this testimony as lacking personal knowledge and foundation (as to the statements that "LA County jail officials received the warrant abstract . . . and a hard copy of the Torrance PD generated livescan results" and "[t]he non-matching CII numbers meant that Plaintiff Gant's fingerprints did not match the fingerprints of the warrant's subject"), on grounds that it constitutes hearsay not falling under any exception, and on grounds that the testimony of counsel is not evidence. Defendants also object to this testimony, to the extent that it purports to authenticate the referenced exhibits, on grounds that the exhibits are not properly authenticated. Defendants also object to this testimony on grounds that it violates the best evidence rule. Defendants also object to this testimony on grounds that it assumes facts not in evidence. |
| 18 | ¶ 3: | Defendants object to this paragraph on grounds that the testimony and the exhibit the testimony purports to authenticate are irrelevant. Defendants also object to this testimony as lacking personal knowledge and foundation, on grounds that it constitutes hearsay not falling under any exception, and on grounds that the testimony of counsel is not evidence. |
| 25 | ¶ 4: | Defendants object to this paragraph on grounds that the testimony and the exhibit the testimony purports to authenticate are irrelevant. Defendants also object to this testimony as lacking personal knowledge and foundation, on grounds that it constitutes hearsay not falling under |

4

|   |   |   |
|---|---|---|
| 1 | | any exception, and on grounds that the testimony of counsel is not |
| 2 | | evidence.  Defendants also object to this testimony on grounds that the |
| 3 | | referenced exhibit speaks for itself.  Defendants also object to this |
| 4 | | testimony on grounds that the opinion offered is not a proper expert |
| 5 | | opinion. |
| 6 | | |
| 7 | ¶ 5: | Defendants object to this paragraph, and all sub-parts of this paragraph, |
| 8 | | on grounds that the testimony is irrelevant, lacks personal knowledge, |
| 9 | | constitutes multiple hearsay not falling under any exception, violates |
| 10 | | the best evidence rule, and on grounds that the testimony of counsel is |
| 11 | | not evidence.  Defendants further object to this paragraph on grounds |
| 12 | | that the referenced exhibits do not support the conclusion stated in the |
| 13 | | paragraph, and therefore it lacks foundation. |
| 14 | | |
| 15 | ¶ 7: | Defendants object to this paragraph, to the extent it purports to |
| 16 | | summarize the deponent's testimony, on grounds that it is irrelevant, |
| 17 | | lacks foundation and personal knowledge, constitutes multiple hearsay |
| 18 | | not falling under any exception, violates the best evidence rule, and on |
| 19 | | grounds that the testimony of counsel is not evidence.  Defendants |
| 20 | | further object to this paragraph on grounds that the referenced exhibits |
| 21 | | do not support the conclusion stated in the paragraph, and that |
| 22 | | counsel's testimony misstates the testimony of the deponent, and |
| 23 | | therefore it lacks foundation. |
| 24 | | |
| 25 | ¶ 8: | Defendants object to this paragraph, to the extent it purports to |
| 26 | | summarize the deponent's testimony, on grounds that it is irrelevant, |
| 27 | | lacks foundation and personal knowledge, constitutes multiple hearsay |
| 28 | | not falling under any exception, violates the best evidence rule, and on |

|    |        |                                                                                     |
|----|--------|-------------------------------------------------------------------------------------|
| 1  |        | grounds that the testimony of counsel is not evidence. Defendants                  |
| 2  |        | further object to this paragraph on grounds that the referenced exhibits           |
| 3  |        | do not support the conclusion stated in the paragraph, and that                    |
| 4  |        | counsel's testimony misstates the testimony of the deponent, and                   |
| 5  |        | therefore it lacks foundation.                                                      |
| 6  |        |                                                                                     |
| 7  | ¶ 9:   | Defendants object to this paragraph on grounds that it is irrelevant,              |
| 8  |        | lacks foundation and personal knowledge, constitutes multiple hearsay              |
| 9  |        | not falling under any exception, violates the best evidence rule, and on           |
| 10 |        | grounds that the testimony of counsel is not evidence. Defendants                  |
| 11 |        | further object to this paragraph on grounds that counsel's testimony               |
| 12 |        | misstates the testimony of the deponent.                                            |
| 13 |        |                                                                                     |
| 14 | ¶ 10:  | Defendants object to this paragraph on grounds that it is demonstrably             |
| 15 |        | false and perjurious, and therefore should not be considered by the                |
| 16 |        | Court. Mr. Cook *admits* at paragraph 2(D)(1) that Defendants *have*               |
| 17 |        | produced Mr. Gant's AJIS record, and Mr. Cook is using that exhibit to             |
| 18 |        | support Plaintiff Gant's opposition. In addition, Defendants have                  |
| 19 |        | offered to either produce disputed warrant log books from IRC, or to               |
| 20 |        | stipulate that the log books produced in prior litigation (covering the            |
| 21 |        | years 2003-2006) may be used in this litigation to show the practice of            |
| 22 |        | LASD at the time Plaintiff Gant was in custody. Plaintiff Gant has not             |
| 23 |        | responded to Defendants' offer to produce these documents (which are               |
| 24 |        | identical to documents produced in prior similar litigation). *See*,               |
| 25 |        | Declaration of Scott E. Caron (submitted in support of Defendants'                 |
| 26 |        | Reply) at ¶¶ 9-18.                                                                  |
| 27 |        |                                                                                     |
| 28 | ¶ 11:  | Defendants object to this paragraph, and all sub-parts, on grounds that            |

the testimony is irrelevant, assumes facts not in evidence, misstates the cited testimony, violates the best evidence rule, constitutes hearsay not falling under any exception, lacks foundation and personal knowledge, and misstates the cited testimony. To the extent that the individuals whose cases are discussed in ¶ 11 claim they complained to LASD personnel about being the wrong person, the testimony is irrelevant because Mr. Gant never complained to LASD personnel about being the wrong person. To the extent that the individuals whose cases are discussed in ¶ 11 were actually in LASD custody, their testimony is irrelevant because Mr. Gant was not in LASD custody.

¶ 12:   Defendants object to this paragraph, and all sub-parts of this paragraph, on grounds that the testimony is irrelevant, and personal knowledge, lacks foundation, constitutes multiple hearsay not falling under any exception, violates the best evidence rule, and on grounds that the testimony of counsel is not evidence. Counsel cannot testify about the contents of documents that are not properly before the Court.

In addition, even assuming counsel could properly testify about the matters stated, the evidence is irrelevant and speculative. There is no evidence that any of the 862 inmates whose booking numbers are referenced in this paragraph put LASD personnel on notice that (1) they were arrested on a warrant, and (2) they believed they were not the person wanted by the warrant. As Defendants established in their moving papers and accompanying evidence (and as is evidenced by what happened in this case, where Plaintiff never complained to LASD about being the wrong person), while arrestees may complain to the arresting agency about being the wrong person, they will not

7

necessarily complain when they get to the County jail, and in fact such complaints are actually uncommon. In addition, as Defendants have established, what the inmate says to County personnel is critical in determining whether a disputed warrant verification is triggered; LASD personnel will not have reason to initiate the procedure simply because an inmate states he is "innocent," unless the personnel have knowledge that he was arrested on a warrant. Absent evidence that the 862 inmates referenced in this paragraph actually complained to LASD personnel about being arrested on a warrant that was issued for someone else, the evidence is irrelevant because it has no propensity to show, one way or the other, whether LASD is responding to inmate complaints of mistaken identity. It is nothing more than a statement that there were 862 wrong defendant releases over a two year time span.

Even assuming evidence of the 862 WDEF releases had any propensity to show LASD's practice with respect to inmate complaints, it would be irrelevant nonetheless because it would still have no propensity to establish a practice of ignoring complaints that could have caused a violation of Plaintiff's constitutional rights. As set forth in Defendants' moving papers and the accompanying reply brief, under some circumstances a sheriff is under no constitutional duty to investigate complaints of mistaken identity. For example, where an individual is arrested pursuant to a facially valid warrant and is detained for only a few days, as a matter of law a sheriff is not obligated to investigate or verify the arrestee's initial match with the warrant even if the inmate complains that he is not the subject of the warrant. *Baker v. McCollan*, 443 U.S. 137 (1979). Another example of a situation where a sheriff is

under no duty to investigate an inmate's complaints of mistaken identity occurs when the arrestee is arrested by a law enforcement agency other than the county sheriff and is brought to court before being brought to the sheriff's custody. *Hernandez v. Sheahan*, 455 F.3d 772 (7th Cir. 2006). This is because, once an arrestee has been brought to court and had an opportunity to bring his grievance to the court's attention, his due process rights are deemed satisfied as a matter of law. Finally, a sheriff is under no duty to investigate an inmate's complaint where there is independent lawful authority (such as another warrant or a remanding order) on which to hold the inmate, because in such a situation the other warrant or order authorizes the detention. *See*, *Barry v. Fowler*, 902 F.2d 770, 773 fn.5 (9th Cir. 1990) (where a party is arrested, there is only on seizure, and the seizure is lawful even if the seizure is based on two offenses and there is no probable cause to arrest on one of the two offenses, if there is probable cause to arrest on one).

There is also no indication that the inmates whose booking numbers are listed in ¶ 12 were ever at the County jail, or that the warrant charge was the *only* charge the inmate was being held on. Thus, even assuming ¶ 12 established a practice of ignoring inmate complaints in the situations delineated above, it does not establish a practice that would have violated Plaintiff's (or anyone else's) constitutional rights because, in those circumstances, LASD would have been permitted to detain the individual. Absent such evidence regarding the circumstances of the detentions of the inmates identified in ¶ 12, it has no propensity to establish practice that could have caused a violation of Plaintiff's rights and is therefore irrelevant.

|  |  |
|---|---|
|  | The cited evidence was also presented by Mr. Cook in support of his client's opposition to the County's motion for summary judgment in *Reyes v. City of Glendale*, 2009 U.S. Dist. LEXIS 76323, *63-64 (C.D. Cal. 2009). The County objected to this evidence on the same grounds it is objecting in this case. In granting the County's motion, Judge Snyder held that this very same evidence was, for the reasons listed above, "too speculative" to create a triable issue of fact as to the County's policy, practice, or custom. *Id.* |
| ¶ 13: | Defendants object to this paragraph, and all sub-parts of this paragraph, on grounds that the testimony is irrelevant, lacks foundation and personal knowledge, constitutes multiple hearsay not falling under any exception, violates the best evidence rule, and on grounds that the testimony of counsel is not evidence. Counsel cannot testify about the contents of documents and records that are not properly before the Court. |
|  | In addition, even assuming counsel could properly testify about the matters stated, the evidence is irrelevant and speculative. There is no evidence that any of the 588 inmates whose booking numbers are referenced in this paragraph put LASD personnel on notice that (1) they were arrested on a warrant, and (2) they believed they were not the person wanted by the warrant. As Defendants established in their moving papers and accompanying evidence (and as is evidenced by what happened in this case, where Plaintiff never complained to LASD about being the wrong person), while arrestees may complain to the arresting agency about being the wrong person, they will not |

necessarily complain when they get to the County jail, and in fact such complaints are actually uncommon. In addition, as Defendants have established, what the inmate says to County personnel is critical in determining whether a disputed warrant verification is triggered; LASD personnel will not have reason to initiate the procedure simply because an inmate states he is "innocent," unless the personnel have knowledge that he was arrested on a warrant. Absent evidence that the 588 inmates referenced in this paragraph actually complained to LASD personnel about being arrested on a warrant that was issued for someone else, the evidence is irrelevant because it has no propensity to show, one way or the other, whether LASD is responding to inmate complaints of mistaken identity. It is nothing more than a statement that there were 588 wrong defendant releases over a two year time span.

Even assuming evidence of the 588 WDEF releases had any propensity to show LASD's practice with respect to inmate complaints, it would be irrelevant nonetheless because it would still have no propensity to establish a practice of ignoring complaints that could have caused a violation of Plaintiff's constitutional rights. As set forth in Defendants' moving papers and the accompanying reply brief, under some circumstances a sheriff is under no constitutional duty to investigate complaints of mistaken identity. For example, where an individual is arrested pursuant to a facially valid warrant and is detained for only a few days, as a matter of law a sheriff is not obligated to investigate or verify the arrestee's initial match with the warrant even if the inmate complains that he is not the subject of the warrant. *Baker v. McCollan*, 443 U.S. 137 (1979). Another example of a situation where a sheriff is

11

under no duty to investigate an inmate's complaints of mistaken identity occurs when the arrestee is arrested by a law enforcement agency other than the county sheriff and is brought to court before being brought to the sheriff's custody. *Hernandez v. Sheahan*, 455 F.3d 772 (7th Cir. 2006). This is because, once an arrestee has been brought to court and had an opportunity to bring his grievance to the court's attention, his due process rights are deemed satisfied as a matter of law. Finally, a sheriff is under no duty to investigate an inmate's complaint where there is independent lawful authority (such as another warrant or a remanding order) on which to hold the inmate, because in such a situation the other warrant or order authorizes the detention. *See*, *Barry v. Fowler*, 902 F.2d 770, 773 fn.5 (9th Cir. 1990) (where a party is arrested, there is only on seizure, and the seizure is lawful even if the seizure is based on two offenses and there is no probable cause to arrest on one of the two offenses, if there is probable cause to arrest on one).

There is also no indication that the inmates whose booking numbers are listed in ¶ 13 were ever at the County jail, or that the warrant charge was the *only* charge the inmate was being held on. Thus, even assuming ¶ 13 established a practice of ignoring inmate complaints in the situations delineated above, it does not establish a practice that would have violated Plaintiff's (or anyone else's) constitutional rights. Absent such evidence regarding the circumstances of the detentions of the inmates identified in ¶ 13, it has no propensity to establish practice that could have caused a violation of Plaintiff's rights and is therefore irrelevant. *See also*, *Reyes v. City of Glendale*, 2009 U.S. Dist. LEXIS 76323, *63-64 (C.D. Cal. 2009) (refusing to consider identical evidence

submitted by the same attorney on grounds that it is "too speculative").

¶ 14:   Defendants object to this paragraph on grounds that it speculative, and lacks foundation and personal knowledge, as to the statement "some [inmates] should have complained of th[e] fact" that they were the wrong person. Defendants further object to this paragraph on grounds that it is irrelevant, violates the best evidence rule, and constitutes hearsay not falling under any exception. Defendants also incorporate their objections to ¶¶ 12 and 13 by reference, and reassert those same objections as to ¶ 14. Defendants further object to this statement as being demonstrably false and perjurious, and therefore should not be considered by the Court. Mr. Cook intends to imply (falsely) that the County was unable to produce DWVP forms because they do not exist. In fact, Defendants objected in the *Alvarado* case to the production of such documents, and produced other documents (the disputed warrant log books) in lieu of the DWVP forms. Defendants further object to this testimony on grounds that it is irrelevant, in light of the fact that Plaintiff Gant has *not* requested that the County produce DWVP forms in this litigation.

## II.   PLAINTIFF'S EXHIBITS

Exhibit B:   Defendants object to this exhibit on grounds that it is irrelevant, lacks proper authentication, and lacks foundation and personal knowledge.

Exhibit G:   Defendants object to this exhibit on grounds that it constitutes multiple hearsay not falling under any exception. Although the transcript itself is authenticated, the statements made in the transcript are hearsay.

13

Exhibit O:   Defendants object to this exhibit on grounds that Plaintiff's expert witness was untimely disclosed.  This Court's standing order required that expert witnesses be disclosed no later than September 10, 2010.  Although the expert report of Plaintiff's expert witness, Roger Clark (whose report is attached as Exhibit O to Plaintiff's opposition), is dated September 10, it was not served until September 13, 2010, three days late.  The Court should therefore not consider any opinions of Roger Clark, since they were untimely disclosed.  *See*, Declaration of Scott E. Caron, ¶ 19.

Dated:  November 22, 2010            LAWRENCE BEACH ALLEN & CHOI, PC


                                     By  /s/ Scott E. Caron
                                          Scott E. Caron
                                     Attorneys for Defendants
                                     COUNTY OF LOS ANGELES and
                                     LOS ANGELES COUNTY SHERIFF'S
                                     DEPARTMENT